| |
|---|
| **Filicia Anstalt Vaduz, A Lichtenstein Co. v 11 E. 73rd St. Corp.** |
| 2024 NY Slip Op 30455(U) |
| February 9, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 655017/2022 |
| Judge: Arlene P. Bluth |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. ARLENE P. BLUTH**                                   PART                        14

*Justice*

------------------------------------------------------------------------------X

FILICIA ANSTALT VADUZ, A LICHTENSTEIN COMPANY,

Plaintiff,

- v -

11 EAST 73RD STREET CORPORATION,

Defendant.

------------------------------------------------------------------------------X

11 EAST 73RD STREET CORPORATION

Plaintiff,

-against-

BARTLETT TREE EXPERTS, THE F.A BARTLETT TREE
EXPERT COMPANY

Defendants.

------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 655017/2022 |
| MOTION DATE | N/A |
| MOTION SEQ. NO. | 003 |

**DECISION + ORDER ON MOTION**

Third-Party
Index No.  595365/2023

The following e-filed documents, listed by NYSCEF document number (Motion 003) 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 111, 129, 130, 131, 134

were read on this motion to/for                          SUMMARY JUDGMENT                          .

Third-party defendants' motion for summary judgment dismissing the third-party

complaint and for sanctions is granted as described below.

**Background**

This action relates to a dispute concerning a party wall between plaintiff and defendant.

Defendant does not rely on the party wall for support; only plaintiff does. Defendants' side of the

wall is in its backyard's courtyard.  Plaintiff alleges that defendant has let ivy and other

vegetation grow into the party wall and thereby contribute to the deterioration of the wall.

[* 1]

In this motion, third-party defendants (collectively, "Bartlett"), who were hired to perform vegetation-related work on defendants' property, move for summary judgment. They attach the affidavit of Mr. Erik Anderson, an arborist representative for Bartlett. Mr. Anderson observes that another worker, now deceased, handled this account until 2017 and that he has since handled specific requests from defendant regarding the pruning of the ivy (NYSCEF Doc. No. 103, ¶¶ 3-6). He observes that "individuals affiliated with the Defendant instructed Bartlett not to prune, cut back, or remove any ivy on the party wall. Their instructions were clear, and therefore Bartlett removed ivy from the front façade and roof of plaintiff's building only at times from 2018 to present" (*id*. ¶ 5).

Mr. Anderson points to an invoice from 2018, accompanied by a photograph that he says shows defendant instructed Bartlett only to work on the east side of the building, which means from the front façade and roof of plaintiff's building (*id*. ¶ 6; NYSCEF Doc. No. 90). He adds that in April 2022, the plaintiff (not the defendant) asked him to prepare a recommendation regarding the ivy on the party wall and concluded that "Pruning or cutting back of the ivy would be necessary to perform the masonry work" (*id*. ¶ 7). Mr. Anderson insists that defendant's board president "complained about the price being too high" and "instructed that the Defendant only wanted the edges that spill over onto the top and the front of the plaintiff's building to be pruned" (*id*. ¶ 10). He insists that Bartlett completed the work as instructed by defendant in May 2022.

Bartlett seeks summary judgment on the ground that it did not cause any damage and that it simply followed the instructions of its client, the defendant. It argues that defendant's claims for contractual indemnity, common law indemnity, contribution and breach of contract all fail as

a matter of law. Bartlett also demands reimbursement of its legal fees and costs on the ground that this third-party action is frivolous.

In opposition, defendant contends that Bartlett failed to meet its burden on a motion for summary judgment. It argues that Bartlett did not include a statement of facts in accordance with New York's trial court rules and that Mr. Anderson could only offer facts about 2018 onward. Defendant also argues that there are issues of fact that preclude awarding Bartlett summary judgment. It argues that Bartlett owed a duty to defendant to prune the ivy on the party wall on at least seven occasions over a twenty-year period.

Defendant argues that Bartlett, as a tree expert, had a duty to report any observed damage on the party wall to defendant. It contends that if defendant is found liable, then a jury should decide the extent to which Bartlett is liable to indemnify defendant. Defendant withdrew its fourth cause of action for breach of contract for failure to procure insurance.

In reply, Bartlett insists that Mr. Anderson's affidavit is its statement of facts and that the contract between Bartlett and defendant did not require it to observe and report any masonry issues to defendant.

**Discussion**

To be entitled to the remedy of summary judgment, the moving party "must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact from the case" (*Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853, 487 NYS2d 316 [1985]). The failure to make such a prima facie showing requires denial of the motion, regardless of the sufficiency of any opposing papers (*id.*). When deciding a summary judgment motion, the court views the alleged facts in the light

most favorable to the non-moving party (*Sosa v 46th St. Dev. LLC*, 101 AD3d 490, 492 [1st Dept 2012]).

Once a movant meets its initial burden, the burden shifts to the opponent, who must then produce sufficient evidence to establish the existence of a triable issue of fact (*Zuckerman v City of New York,* 49 NY2d 557, 560, 427 NYS2d 595 [1980]). The court's task in deciding a summary judgment motion is to determine whether there are bonafide issues of fact and not to delve into or resolve issues of credibility (*Vega v Restani Constr. Corp.*, 18 NY3d 499, 505, 942 NYS2d 13 [2012]). If the court is unsure whether a triable issue of fact exists, or can reasonably conclude that fact is arguable, the motion must be denied (*Tronlone v Lac d'Amiante Du Quebec, Ltee,* 297 AD2d 528, 528-29, 747 NYS2d 79 [1st Dept 2002], *affd* 99 NY2d 647, 760 NYS2d 96 [2003]).

The Court grants the motion. Bartlett met its prima facie burden by submitting the affidavit of Mr. Anderson who contends that he simply followed the directions of the defendant when pruning the ivy and vegetation at the property. And defendant did not raise an issue of fact in opposition. In fact, defendant did not attach anything from someone with personal knowledge to contradict Mr. Anderson's account of the pruning services requested of Bartlett or those Bartlett provided. Therefore, Mr. Anderson's affidavit is unrebutted. Defendants' failure to provide an affidavit in opposition also highlights the issues with defendant's theories of recovery against Bartlett.

Mr. Anderson made clear that although he recommended a more invasive pruning in 2022, including ivy and vines on the party wall, he was told by defendant that this was too expensive. Bartlett attached an email between Mr. Anderson and the defendant's board president in which the board president states that "The price is high. Also we only want the edges that spill

over onto the top and front of the building to be pruned. We have no intension [sic] of reducing this vine from the base. Barlett [sic] needs to look at our request again and reprice. The edges only to be pruned. I also want to be present when the work is scheduled. Bartlett will be working for us not our neighbors" (NYSCEF Doc. No. 93 at 2). This shows that defendant directed the work, expressly limited the scope of work and Bartlett merely followed these instructions.

It is unclear from these papers how Bartlett, who were hired to trim vegetation in accordance with specific instructions, could be responsible for the damages arising from the purportedly deteriorating party wall which they were not hired to fully trim. Defendant did not attach anything to show that Bartlett, who are not engineers, had a duty to observe cracks in the wall and opine about the effect of the vines/ivy on the wall. Bartlett was hired to do some apparently limited pruning and, at least on this record, it performed that pruning work in accordance with defendant's instructions.

In fact, when *plaintiff* hired Bartlett to take a look at the overgrowth in early 2022, defendant made clear that it did not want that proposed scope of work done as evidenced by the email included above. In other words, from the unrebutted proof submitted on this motion, defendant never wanted Bartlett to do anything substantial to the subject wall – they paid Bartlett to remove around the edges, not to do a wholesale removal of the vines. Even after it became abundantly clear that plaintiff was complaining about the purported damage that the ivy was causing to the wall, defendant rejected Bartlett's suggestion and took control over the work to be performed.

And defendant's insistence that Mr. Anderson only has knowledge about events from 2018 does not raise an issue of fact because defendant did not make any admissible factual arguments about Bartlett's actions at any time. Bartlett said it doesn't have the information

because its employee died – but defendant, who hired and directed Bartlett's scope of work, should have all the information and failed to present anything to contradict Bartlett's proofs. And those proofs clearly show that defendant did not request or authorize Bartlett to remove the greenery which its neighbor claimed was destroying the party wall.

The Court fails to see how any theory of indemnification (either common law or contractual) or contribution could lie against Bartlett here. That defendant claims that it wants discovery is not a basis to deny the instant motion. Defendant did not highlight any contested factual issues as it did not include anything from someone with personal knowledge. Moreover, defendant possesses the key documents (the invoices and contracts) and could have offered its own witness affidavit to explain its theory of recovery against Bartlett. But defendant did not contradict anything.

To the extent that defendant argues that the motion should be denied because Bartlett failed to submit a statement of material facts, that claim is denied. This rule, 22 NYCRR 202.8-g, was amended to direct that "the court *may* direct that there shall be annexed to the notice of motion a separate, short and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried" ([emphasis added]). There is no requirement that this Court deny the motion for failure to submit a statement of material facts.

Considering Bartlett's unrebutted proof here, the Court determines that the case against them is frivolous and that a hearing is necessary to determine the amount of sanctions (in the form of legal fees). 22 NYCRR 130-1.1(c)(1) provides that "conduct is frivolous if: it is completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law." To claim Bartlett is under a duty to clean

[* 6]

off the party wall or is somehow responsible for the damage to the party wall where defendant never asked it to do this work, specifically told Bartlett not to do this work, and that it would not pay Bartlett for that work, is just preposterous. Moreover, the fact that defendant did not withdraw its claims against Bartlett after receiving both a frivolous litigation letter (NYSCEF Doc. No. 51) and the instant motion papers (particularly the emails in which defendant expressly limited the scope of Bartlett's work) renders defendant's attempt to recover against Bartlett as frivolous.

The evidence on this record shows that defendant hired a tree pruner to perform specific and limited work on its property but that it never directed Bartlett to remove the vegetation from the party wall. And yet, for some reason, defendant decided to bring Bartlett into this case for allegedly not removing greenery that, on this record, it was never hired or directed to remove. Even when Bartlett offered (after being hired by plaintiff) to do a more invasive pruning job, defendant refused to allow it.

A hearing is necessary to determine the amount of sanctions. It is axiomatic that a party should have a good faith basis to name a party in case—bringing a party into a lawsuit invites the accrual of significant costs, including legal fees. There was no legally supported reason to blame Bartlett for defendant's decision to keep its greenery at the expense of its neighbor's reliance on the party wall and there was no reason not to discontinue after Bartlett made the instant motion and laid bare its proof.

The hearing will take place on March 21, 2024 at 10 a.m. Bartlett should be prepared to ask for a specific amount of legal fees and may, if it wishes, request reimbursement for the legal fees incurred in the preparation for, and the appearance, at the hearing. Both defendant and Bartlett should upload any exhibits it plans to use at the hearing and exchange a witness list by

**655017/2022   FILICIA ANSTALT VADUZ, A LICHTENSTEIN COMPANY vs. 11 EAST 73RD STREET CORPORATION**
**Motion No.  003**

**Page 7 of 8**

March 14, 2024. Anything not uploaded or exchanged by this date may not be used at the sanctions hearing without good cause (such as for rebuttal purposes).

Accordingly, it is hereby

ORDERED that the motion by third-party defendants BARTLETT TREE EXPERTS, THE F.A BARTLETT TREE EXPERT COMPANY for summary judgment dismissing this case is granted, the third-party complaint is dismissed and the Clerk is directed to enter judgment accordingly in favor of the third-party defendants and against the third-party plaintiff along with costs and disbursements upon presentation of proper papers therefor, and it is further

ORDERED that there shall be a hearing on March 21, 2024 to determine the amount of sanctions to be imposed against defendant for naming (and refusing to drop) the third-party defendant from this case and that the parties shall upload any exhibits to be used at the hearing as well as witness lists by March 14, 2024.

.

| 2/9/2024 | | |
|---|---|---|
| **DATE** | | **ARLENE P. BLUTH, J.S.C.** |

| **CHECK ONE:** | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|---|
| | ☐ GRANTED | ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |
| **APPLICATION:** | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

[* 8]